UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONNIE POYDRAS (#42058)

VERSUS                                                  CIVIL ACTION

CITY OF BATON ROUGE, LOUISIANA, ET AL          NUMBER 10-324-JVP-DLD

RULING

Pro se plaintiff, an inmate at West Baton Rouge Detention Center, Port Allen, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Baton Rouge, Baton Rouge City Police officer Christopher Wheat, Baton Rouge City Police officer Donald Johnson and Assistant United States Attorney Michael J. Jefferson. Plaintiff alleged that he was subjected to a false arrest and malicious prosecution in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on May 18, 2009, he was subjected to a traffic stop by Baton Rouge City Police officers. Plaintiff alleged that as a result of the traffic stop he was arrested on charges of being a felon in possession of a firearm. Plaintiff alleged that he was subsequently indicted by a federal grand jury in the United States District Court for the Middle District of Louisiana. Plaintiff alleged that Assistant United States Attorney Michael J. Jefferson filed the indictment charging the plaintiff with a violation of 18 U.S.C. § 922(g)(1).

Because AUSA Jefferson is a federal defendant, the plaintiff's claims against AUSA Jefferson shall be construed as an action under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

*Bivens* is federal counterpart of § 1983, which in effect extends protections afforded by § 1983 to parties injured by federal actors not liable under § 1983. *Abate v. Southern Pacific Transportation Co.*, 993 F.2d 107, (5th Cir. 1993).

*Bivens* affords the victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. To recover damages under *Bivens*, the injured party must show the existence of a valid constitutional violation. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73 (1982).

Immunity is a threshold question which should be resolved as early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.")

Prosecutors are cloaked with absolute immunity for actions taken in initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

In the instant case, AUSA Jefferson received information from Louisiana authorities alleging a violation of Louisiana criminal law and the information was translated into the federal charge under 18 U.S.C. § 922(g)(1). AUSA Jefferson is absolutely immune

from suit for actions taken in initiating prosecution against the plaintiff.

Accordingly, the plaintiff's *Bivens* claim against AUSA Michael J. Jefferson shall be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, ~~October~~ ~~September~~ September 27th, 2010.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE