UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONNIE POYDRAS (#42058)

VERSUS | CIVIL ACTION

CITY OF BATON ROUGE, ET AL | NUMBER 10-324-RET-DLD

RULING

Pro se plaintiff, an inmate at West Baton Rouge Detention Center, Port Allen, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Baton Rouge, Baton Rouge City Police officer Christopher Wheat, Baton Rouge City Police officer Donald Johnson and Assistant United States Attorney Michael J. Jefferson.[1] Plaintiff alleged that he was subjected to a false arrest and malicious prosecution in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state

---

[1] Plaintiff's claims against Assistant United States Attorney Michael J. Jefferson were previously dismissed. Record document number 8.

> a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on May 18, 2009, he was subjected to a traffic stop by Baton Rouge City Police officers. Plaintiff alleged that his vehicle was searched without probable cause and without his consent or a search warrant. Plaintiff alleged that as a result of the traffic stop he was

2

arrested on charges of being a felon in possession of a firearm. Plaintiff alleged that he was subsequently indicted by a federal grand jury in the United States District Court for the Middle District of Louisiana on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On October 14, 2010, the plaintiff was found guilty of being a felon in possession of a firearm by a jury in the United States District Court for the Middle of Louisiana.[2] Petitioner was sentenced on April 14, 2011.

Plaintiff's claims must initially be pursued through habeas corpus since he challenges the validity of his conviction and the resolution of his claims may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987); *Clark v. Williams*, 693 F.2d 381 (5th Cir. 1982).

Additionally, unless the plaintiff can demonstrate that a court or other authorized tribunal has determined that his constitutional rights were violated during his criminal

---

[2] *See United States of America v. Lonnie Poydras*, CR 09-121-RET-CN (M.D. La.). A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the plaintiff's criminal proceedings in CR 09-121-RET-CN.

3

proceedings, he has no damages claim against these defendants cognizable under § 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claims fall squarely within the Court's holding in *Heck*. Plaintiff's complaint calls into question the lawfulness of his confinement. Plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that his conviction has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus.

*Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the conviction has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, April __27th__, 2011.

_____
RALPH E. TYSON, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA